```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
_____

WENDELL McCRAY,                    )
                                   )
     Plaintiff,                    )
                                   )
                                   )
v.                                 )    2:12-cv-02088-JPM-cgc
                                   )
TECHNICOLOR VIDEO CASSETTE         )
OF MICHIGAN, INC.,                 )
                                   )
     Defendant.                    )
_____

            ORDER DENYING MOTION FOR RECONSIDERATION
_____
```

Before the Court is Plaintiff's Motion for Reconsideration of Court's Order to Dismiss, filed March 22, 2013.  (ECF No. 27.)  Defendant responded in opposition on March 25, 2013.  (ECF No. 28.)

For the following reasons, Plaintiff's Motion for Reconsideration is DENIED.

**I. BACKGROUND**

On May 23, 2012, the Court entered a Scheduling Order setting the initial-disclosures deadline on June 6, 2012, and the discovery-completion deadline on January 23, 2013.  (ECF No. 10.)  On January 8, 2013, Defendant filed a Motion to Compel, stating that Plaintiff had not served his initial disclosures, had not responded to Defendant's first

interrogatories, and had not responded to Defendant's first request for production of documents. (ECF No. 14.) On January 22, 2013, Defendant filed a Motion to Extend Deadlines and to Re-set Trial Date (ECF No. 17) based on Plaintiff's failure to comply with Defendant's discovery requests. The Court granted the Motion, resetting the discovery-completion deadline to March 25, 2013. (ECF No. 18.) Plaintiff did not respond to Defendant's Motion to Compel. On January 29, 2013, the Court granted Defendant's Motion to Compel, ordering Plaintiff to serve its initial disclosures and to "fully respond" to Defendant's first discovery request and first interrogatories within fourteen days of the entry of the Order. (ECF No. 20.) The Order stated "that failure to comply with this order may result in . . . [the] dismissal of this action." (Id. at 2.)

On March 5, 2013, Defendant filed a Motion to Dismiss stating that Plaintiff had not "fully responded" to Defendant's discovery requests. (ECF No. 22 at 2.) On March 7, 2013, the Court ordered Plaintiff to show cause within ten days of the entry of the Order why Plaintiff's case should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the Court's Order of January 29, 2013. (ECF No. 24.) Plaintiff did not respond to the Order to Show Cause within the allotted time. On March 19, 2013, the

Court dismissed Plaintiff's case with prejudice and entered a Judgment. (ECF No. 25; ECF No. 26.)

On March 22, 2013, Plaintiff filed a Motion for Reconsideration of Court's Order to Dismiss pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (ECF No. 27.)

**II. STANDARD**

A party who files a Rule 59(e) motion to alter or amend a judgment must file the motion within twenty-eight days after the entry of the judgment, Fed. R. Civ. P. 59(e), and must set forth with particularity, the grounds for the motion, Intera Corp. v. Henderson, 428 F.3d 605, 611 (6th Cir. 2005) (citing Fed. R. Civ. P. 7(b)). Motions to alter or amend a judgment may be granted if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010) (quoting Intera Corp., 428 F.3d at 620) (internal quotation marks omitted). The movant "should not use [a Rule 59(e) motion] to raise arguments which could, and should, have been made before judgment issued." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

A party who files a Rule 60(b) motion for relief from a final judgment, order, or proceeding "must establish that the

facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief." Lommen v. McIntyre, 125 F. App'x 655, 659 (6th Cir. 2005) (quoting Lewis v. Alexander, 987 F. 2d 392, 396 (6th Cir. 1993)) (internal quotation marks omitted). The following grounds are those that warrant relief from a final judgment under Rule 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008).

**III. ANALYSIS**

Plaintiff argues that relief from the Order of Dismissal and Judgment in this case should be granted for the following reasons: Plaintiff believed that the deadline for all discovery responses was March 25, 2013; Plaintiff's counsel has taken several unplanned leaves of absence for medical reasons; counsel is in the process of dissolving her case load as she will no

4

longer maintain a practice for at least the remainder of 2013; counsel will be relocating during this leave of absence. (ECF No. 27 at 2.) Plaintiff asserts that these constitute "extraordinary circumstances," and that reconsideration of the dismissal of Plaintiff's case will prevent manifest injustice to her client. (Id.)

Plaintiff has not clearly stated with particularity the grounds she seeks to assert for relief from the final judgment. (See id. at 1-3.) The Court, however, construes Plaintiff's Motion as raising prevention of manifest injustice under Rule 59(e), and excusable neglect under Rule 60(b)(1) as grounds for relief. The Court will address these grounds in turn.

**A. Manifest Injustice**

Plaintiff argues that the Court should allow Plaintiff "the opportunity to secure further representation and the opportunity to fully supplement any and all responses . . . in consideration and as [] to prevent manifest injustice toward Plaintiff's interest." (See id. at 2.)

This argument fails for two reasons. First, Plaintiff is raising an argument which should have been raised before Judgment was issued by this Court. See Engler, 146 F.3d at 374. Plaintiff was ordered by this Court to show cause why Plaintiff had not complied with the Court's Order of January 29, 2013. (ECF No. 20.) At that point, Plaintiff was aware that counsel

was dealing with medical concerns and should have alerted the Court to these issues within the allotted time for response to the Order to Show Cause. Instead, these concerns were not raised until the filing of Plaintiff's Motion for Reconsideration. As a result, Plaintiff cannot now raise these circumstances as grounds for reconsideration of the Court's dismissal of Plaintiff's case.

Second, Plaintiff has not stated with particularity in what way the circumstances addressed in the Motion, i.e., counsel's medical issues, will result in "manifest injustice" to the Plaintiff. It appears that counsel's medical issues have been ongoing and have resulted in counsel failing to perform on behalf of her client for a significant period of time. Why these circumstances now will create manifest injustice to the Plaintiff is unclear from Plaintiff's Motion.

The Court finds that Plaintiff has not sufficiently stated a ground under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's dismissal of this case.

**B. Excusable Neglect**

Plaintiff argues that the Court should reconsider its Judgment in this case because Plaintiff believed all discovery to be due on March 25, 2013, and because Plaintiff's counsel has been dealing with ongoing medical issues. (ECF No. 27 at 2.) Courts have "defined neglect to include late filings caused by

6

mistake, inadvertence, or carelessness, as well as intervening circumstances beyond the party's control." Burnley v. Bosch Ams. Corp., 75 F. App'x 329, 333 (6th Cir. 2003) (citation omitted) (internal quotation marks omitted). Mere "ignorance of the law on the part of the moving party," however, will not justify relief pursuant to Federal Rule of Civil Procedure 60(b)(1). Merriweather v. Wilkinson, 83 F. App'x 62, 63 (6th Cir. 2003) (citing FHC Equities, LLC v. MBL Life Assurance Corp., 188 F.3d 678 685-87 (6th Cir. 1999)).

Plaintiff cannot establish excusable neglect in this case for three reasons. First, Plaintiff's ignorance regarding discovery procedure does not constitute a basis for reconsideration of the dismissal of the case. See Merriweather, 83 F. App'x at 63.

Second, Plaintiff's mistaken belief that the deadline for all discovery responses was March 25, 2013, does not explain or excuse Plaintiff's failure to respond within the allotted time to this Court's Order to Show Cause entered March 7, 2013. The Order clearly stated that Plaintiff was "ORDERED TO SHOW CAUSE within ten (10) days of the entry of [the] Order why Plaintiff's case should not be dismissed with prejudice . . . for failure to comply with a court order." (ECF No. 24.) Plaintiff's failure to observe a clear deadline set forth in the Court's Order to Show Cause does not constitute a basis for reconsideration of

7

the dismissal of this case.  See Rodriguez v. Astrue, No. 3:11-cv-398, 2012 WL 3138704, at *3 (N.D. Ohio Aug. 1, 2012).

Third, Plaintiff has not demonstrated that his counsel's medical issues are grounds for reconsideration of the Court's dismissal of this case.  As stated above, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info-Hold, Inc., 538 F.3d at 454.  In this case, Plaintiff appears to assert that counsel's medical issues constitute "intervening circumstances beyond the party's control" resulting in the failure of counsel to respond to this Court's orders. See Burnley, 75 F. App'x at 333.  However, Plaintiff's Motion for Reconsideration does not articulate how or why counsel's illness caused Plaintiff's failure to serve initial disclosures, to respond to Defendant's first interrogatories and first discovery request, to comply with the Court's Order of January 29, 2013, or to show cause in response to the Court's March 7, 2013, Order.  (See ECF No. 27.)  Plaintiff's Motion contains only the bare assertion that counsel has been dealing with medical issues that have resulted in periodic absences.  This bare assertion does not constitute the "clear and convincing evidence" necessary for establishing excusable neglect on the part of Plaintiff.

The Court finds that Plaintiff has not sufficiently stated a ground under Federal Rule of Civil Procedure 60(b)(1) for reconsideration of the Court's dismissal of this case.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED.

**SO ORDERED** this 29th day of March, 2013.

s/Jon P. McCalla<br>
JON P. McCALLA<br>
CHIEF U.S. DISTRICT JUDGE